Andres F. Quintana (SBN 190525)
QUINTANA LAW GROUP
A Professional Law Corporation
The Warner Center
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
Email: andres@qlglaw.com

Attorneys for Defendant Brisaki, LLC

FILED
07 NOV 30 PM 4:14
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

BY FAX

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q-ELECTRIC LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>BRISAKI, LLC dba AWESOMEBUGGY.COM, an Entity of Unknown Organization; DOES 1-100 | CASE NO. 07CV2093 JM (NLS)<br><br>**DEFENDANT BRISAKI, LLC'S ANSWER TO COMPLAINT; REQUEST FOR JURY TRIAL**<br><br>[Complaint Filed On November 1, 2007] |

Defendant Brisaki, LLC ("Defendant") hereby answers the Complaint for Temporary Restraining Order; Preliminary Injunctions and Damages (the "Complaint") of Q-Electric LLC ("Plaintiff") as follows:

1.   Defendant lacks information or belief sufficient to admit or deny the allegations in Paragraph 1 of the Complaint and on that basis denies them.

2.   Defendant admits the allegations in paragraph 2 of the Complaint, except that Defendant is not "a business entity of unknown organization," but is, in fact, a limited liability company.

3.   Defendant admits that jurisdiction is proper in this Court, solely as

Quintana Law Group, APC

related to this answering Defendant, based on the claims made by Plaintiff, the legitimacy of which the Defendant denies. Defendant lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 3 of the Complaint, and on that basis denies them.

4. Defendant lacks information or belief sufficient to admit or deny the allegations in Paragraph 4 of the Complaint, and on that basis denies them.

5. Defendant incorporates its answers to the allegations set forth in Paragraphs 1 through 4 of this pleading, as set forth above.

6. Defendant denies the allegation in Paragraph 6 of the Complaint that Plaintiff is engaged in the "manufacture" of "motorized buggies." Defendant lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 6 of the Complaint, and on that basis denies them.

7. Defendant lacks information or belief sufficient to admit or deny the allegations in Paragraph 7 of the Complaint, and on that basis denies them.

8. Defendant denies the allegation in Paragraph 8 of the Complaint that Plaintiff used its purported mark "prior to January 19, 2007." Defendant lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9. Defendant lacks information or belief sufficient to admit or deny the allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10. Defendant denies the allegation in Paragraph 10 of the Complaint that Plaintiff "advised defendant of plaintiff's ownership of" the purported trademark, and further denies that Defendant failed or refused to not use Plaintiff's purported trademark. Defendant lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegation in Paragraph 12 of the Complaint

Quintana Law Group, APC

that Plaintiff's purported Trademark has any "value" as a "commercial asset." Defendant lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 12 of the Complaint, and on that basis denies them.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the implicit allegation in the prayer for relief in the Complaint that Plaintiff is entitled to any relief in this suit.

15. Defendant denies each and every allegation in the Plaintiff's Complaint not specifically admitted in Paragraphs 1 through 14, inclusive, of this pleading.

## AFFIRMATIVE DEFENSES

16. As separate affirmative defenses to the Complaint, on the grounds that such defenses are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant further alleges as follows:

### First Affirmative Defense

17. The Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

18. The Complaint is barred by the doctrines of waiver, estoppel and/or laches based on the Plaintiff's wrongful conduct.

### Third Affirmative Defense

19. Plaintiff's injuries and damages, if any, were caused, in whole or in part, by its own conduct, acts and/or omissions and not the conduct of Defendant.

### Fourth Affirmative Defense

20. Plaintiff's injuries and damages, if any, were caused, in whole or in part by the conduct of third parties and not the conduct of Defendant.

### Fifth Affirmative Defense

21. Upon information and belief, Plaintiff has failed to mitigate its

1 | damages, if any.

### Sixth Affirmative Defense

22. Upon information and belief, the Complaint is barred by the uncertainty of the pleading.

### Seventh Affirmative Defense

23. Plaintiff has not suffered injury to his business or property by reason of any conduct by the Defendant that violates applicable laws or other legal duty.

### Eighth Affirmative Defense

24. Defendant's conduct constituted the lawful exercise of its legal rights, which does not violate the trademark laws, or any other law.

### Ninth Affirmative Defense

25. If Defendant's conduct were found to constitute infringement of Plaintiff's rights, Defendant is an innocent infringer, and Plaintiff's damages, if any, were caused in whole or in part, by the conduct of third parties.

### Tenth Affirmative Defense

26. Plaintiff is barred from obtaining any relief sought in the Complaint because it is misusing its purported intellectual property rights, if any, by unreasonably and unlawfully attempting to enforce them beyond the scope of such rights.

### Eleventh Affirmative Defense

27. Defendant's use of Plaintiff's intellectual property, if any, constitutes nominative fair use and does not constitute infringement.

### Twelfth Affirmative Defense

28. On information and belief, the Complaint, and the single cause of action against the Defendant alleged therein, fails to state facts sufficient to constitute a claim for injunctive relief related to the "XATV" mark, where the Complaint fails to claim any ownership of that mark, and any such claim is barred by the procedural and substantive due process clauses of the California and United

States Constitutions.

### Thirteenth Affirmative Defense

29. Defendant is informed and believes, and on that basis alleges, that the cause of action alleged in Plaintiff's Complaint is wholly or partially barred by the doctrine of unclean hands.

### Fourteenth Affirmative Defense

30. Defendant is informed and believes, and on that basis alleges, that the injury or damage suffered by Plaintiff, if any there be, would be adequately compensated in an action at law for damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### Fifteenth Affirmative Defense

31. On information and belief, Defendant avers that any recovery on the Complaint is barred in whole or in part by the doctrine of election of remedies.

### Sixteenth Affirmative Defense

32. On information and belief, Defendant avers that any recovery on the Complaint, and the cause of action against the Defendant alleged therein, is barred in whole or in part because Plaintiff would be unjustly enriched if Plaintiff recovered any damages or relief from the Defendant for injuries alleged to have been suffered.

### Seventeenth Affirmative Defense

33. On information and belief, any recovery on the Complaint for injunctive relief against the Defendant alleged therein, is barred in whole or in part by the doctrine of balancing of conveniences.

### Eighteenth Affirmative Defense

34. Defendant is informed and believes, and on that basis alleges, that the cause of action alleged in Plaintiff's Complaint is wholly or partially barred by false, deceptive and misleading trademark application for the trademark on which this suit is brought.

### Nineteenth Affirmative Defense

35.  Defendant is informed and believes, and on that basis alleges, that the cause of action alleged in Plaintiff's Complaint is wholly or partially barred by a lack of a valid trademark registration for the trademark on which this suit is brought.

### Twentieth Affirmative Defense

36.  Defendant is informed and believes, and on that basis alleges, that the cause of action alleged in Plaintiff's Complaint is wholly or partially barred by the grant of a license to the Defendant by the true owner of the trademark, which permitted the activities complained about.

### Twenty-First Affirmative Defense

37.  Defendant is informed and believes, and on that basis alleges, that the cause of action alleged in Plaintiff's Complaint is wholly or partially barred by the lack of ownership by Plaintiff of the purported trademark on which this suit is brought.

### Twenty-Second Affirmative Defense

38.  On information and belief, the Complaint, and the cause of action against the Defendant alleged therein, fails to describe the claim made against the Defendant with sufficient particularity to enable the Defendant to determine what defenses it may have in response to Plaintiff's claims.  The Defendant therefore reserves the right to assert all defenses which may be pertinent to Plaintiff's claim once the precise nature of such claims are ascertained through discovery.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

1.  That Plaintiff take nothing by way of its Complaint.
2.  That Plaintiff, and each of its officers, directors, agents, servants, employees, affiliated companies, representatives, licensees, attorneys, successors and assigns, and all those persons, firms, associations, corporations or other entities,

Quintana Law Group, APC

in active concert or participation with them, be enjoined throughout the world during the pendency of this action, and permanently thereafter from competing unfairly and injuring Defendant.

3. That Plaintiff be ordered and directed to file with this Court and serve on Defendant ten (10) days after the issuance of any preliminary or permanent injunction by the Court, whichever occurs sooner, a report in writing and under oath setting forth in detail the manner and form in which Plaintiff has complied with the foregoing paragraph.

4. Defendant recover its costs, expenses, and disbursements incurred in this action, including an award of their reasonable attorneys' and investigator's fees.

5. That the Court retain jurisdiction of this action for the purpose of enabling the Defendant to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement of compliance therewith, and for the punishment of any violations thereof.

6. The Plaintiff be required to withdraw from its customers, retailers and all others all of the materials utilizing the purported trademark, and deliver up the same to the counterclaimants for destruction.

7. That Defendant have such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///
///

Quintana Law Group, APC

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

DATED: November 30, 2007         QUINTANA LAW GROUP
                                  A Professional Law Corporation

                                  By: _____
                                      Andres F. Quintana
                                      Attorneys for Defendant Brisaki, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss:
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

On November 30, 2007, I served the document described as

**DEFENDANT BRISAKI, LLC'S ANSWER TO COMPLAINT; REQUEST FOR JURY TRIAL**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on November 30, 2007 at Woodland Hills, California.

*/s/ Beatriz Singleton*

Quintana Law Group, APC

## SERVICE LIST

James Wm. Bravos, Esq.
Law Offices of James William Bravos
2185 Sunset Cliffs Blvd.
San Diego, CA 92107

Attorney for Plaintiff Q-Electric LLC

Quintana Law
Group, APC