```
1  JAMES WM. BRAVOS, ESQ.
   State Bar No. 138097
2  2185 Sunset Cliffs Blvd.
   San Diego, CA 92107
3  (619) 222-3504
   Attorney for Plaintiff, Q-ELECTRIC LLC
4
5
6
7
8
               UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10
   Q-ELECTRIC LLC,                ) Case No.:07CV2093JM NLS
11                                )
         Plaintiff,               )
12                                ) PLAINTIFF'S MEMORANDUM
         v,                       ) SUPPORTING THEIR MOTION
13                                ) FOR LEAVE TO AMEND
   BRISAKI, LLC dba AWESOMEBUGGY.COM ) COMPLAINT TO NAME DOES
14 an Entity of Unknown Organization, )
   DOES 1 - 100.                  )
15                                )
         Defendants.              )
16                                )
```

Plaintiff move this Court for leave to amend their original Complaint, filed October 37, 2001, to name nine fictitiously named defendants the true names, capacities, or basis for liability of were formerly unknown to plaintiff.

NATURE OF ACTION

This cause of action arises under the Lanham Act, Act of July 5, 1946, is for Infringement of a United States Trademark under the laws of the United States, 60 Statute. 427, USC, Title 15 Sections 1051-1127.  Jurisdiction is vested in this court by virtue of 15. U.S.C. Section 1121 and 28 U.S.C. Section 1338.

Plaintiff has been and is engaged in the manufacture and

1

1  interstate wholesale distribution of motorized buggies under the
2  trademark "XATVusa." Plaintiff filed the trademark XATVusa with
3  the U.S. Patent and Trademark Office on January 19, 2007.
4  Plaintiff has used the trademark and images of its product which
5  bears said trademark continuously since and prior to January 19,
6  2007 to identify its gas powered vehicles commonly referred as
7  "dune buggies" or "buggies." Plaintiff has been selling its
8  vehicles to various retail outlets throughout the United States
9  and on internet websites.
10     Plaintiff has found additional entities infringing upon
11 plaintiff's trademark since it has filed this action. These
12 entities are taking an unfair advantage from plaintiff's
13 nationwide advertising, sales, and consumer recognition, and as a
14 proximate result of confusion or deception or mistake or a
15 combination thereof caused by defendant's wrongful advertising and
16 sale of its goods bearing the name plaintiff's trademark that
17 these entities have made substantial sales and has caused
18 plaintiff to lose business. Therefore plaintiff requests leave to
19 amend the complaint to name these entities in the interest of
20 Judicial Economy that such defendants may be enjoined in one
21 lawsuit from causing plaintiff further damage.
22
23                              ARGUMENT
24 I.  Standard for Granting Motion to Amend Complaint
25     The Rules of this Court set a permissive standard for
26 amending a Complaint. Rule 15(a) provides that "a party may amend
27 the party's pleading only by leave of court . . . and leave shall
28 be freely given when justice so requires." RCFC 15(a); see also

2

Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403 (Fed. Cir. 1989) (holding that the grant or denial of an opportunity to amend pleadings should be exercised liberally to permit such amendments). Moreover, this Court has generally stated that "[i]f the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Principal Mutual Life Insurance Co. v. United States, 26 Cl. Ct. 616, 623 (1992), reconsideration granted in part by 29 Fed. Cl. 157 (1993), aff'd, 50 F.3d 1021 (Fed. Cir. 1995) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

This Court has identified four factors to consider in ruling on a motion to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." Id; see also Hickman v. United States, 43 Fed. Cl. 424, 439 (1999), aff'd, 232 F.3d 906 (Fed. Cir. 2000) (citing Te-Moak Bands of Western Shoshone Indians v. United States, 948 F.2d 1258, 1260 n.4 (Fed. Cir. 1991)). Missing from this list of factors is an evaluation of the merits of the allegations. See Scott Timber Co. v. United States, 44 Fed. Cl. 170 (1999) ("[A]bsent a claim or defense that is frivolous or patently insufficient, its substantive merits or lack thereof are not considered on a motion for leave to amend."). Finally, defendants have the burden of showing that the amendment is sought in bad faith, that it is futile, or that it would cause substantial

prejudice, undue delay or injustice. See Scott Timber Co., 44 Fed. Cl. at 182 ("In demonstrating that it will be prejudiced by a proposed amendment, the non-movant has the burden of showing that 'it will be severely disadvantaged or incapable of presenting facts or evidence' on the new issue."); see also Croskey v United States, 24 Cl. Ct. 420, 422 (1999) ("[I]t is clear that the burden for obtaining the denial of a motion to amend rests upon the non-movant, in that "the party must demonstrate that it will be severely disadvantaged or incapable of presenting facts or evidence with regard to the issues at hand.").

  A.  No Bad Faith or Undue Delay.

This amendment is timely because this case is at its incipient stage. Indeed, at the first named defendants, Brisaki LLC. had just filed an ANSWER to Complaint with Jury Demand by on 12/3/2007. And no discovery has been served.

  B.  No Prejudice to Defendant

Of the four factors, this Court has noted that the U.S. Supreme Court, in interpreting Fed. R. Civ. P. 15(a), "has placed a particular emphasis on the element of prejudice to the opposing party." Siemens Aktiengesellschaft v. United States, 26 Cl. Ct. 312, 313 (1992) (citing United States v. Hougham, 364 U.S. 310, 316 (1960) ("Rule 15 of the Federal Rules of Civil Procedure . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.")); see also Evans Products Co. v. West Am. Ins. Co., 736 F.2d 920 (3d Cir. 1984) ("Primary consideration in determining whether leave to amend would be granted under this rule is prejudice to the opposing

4

party; principal test for prejudice in such situations is whether the opposing party was denied a fair opportunity to defend and to offer additional evidence on that different theory."). See generally 6 Charles Alan Wright et al., Federal Practice and Procedure Section 1476 (1991) ("If no prejudice is found, then leave normally will be granted."). Plaintiff cannot speculate as to what prejudice may contended by the Answering defendant as plaintiff is not adding a cause of action but only additional defendants.

## CONCLUSION

Accordingly, plaintiff requests leave to file the Amended Complaint attached hereto as Exhibit A. Plaintiff waives oral argument on their motion for leave to amend complaint.

December 27, 2007

JAMES WM. BRAVOS, ESQ.