JAMES WM. BRAVOS, ESQ.
State Bar No. 138097
2185 Sunset Cliffs Blvd.
San Diego, CA 92107
(619) 222-3504
Attorney for Plaintiff, Q-ELECTRIC LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q-ELECTRIC LLC,<br><br>    Plaintiff,<br><br>    v,<br><br>BRISAKI, LLC dba AWESOMEBUGGY.COM, an Entity of Unknown Organization; SUNRIGHT, an Entity of Unknown Organization; DAVID WOO, an individual; GK MOTORSPORTS, an Entity of Unknown Organization; MICHAEL CUNNINGHAM an individual; ZHIYAO ZHANG an individual; XATV USA, INC., a California Corporation; SUZHOU HENGRUI IMP & EXP CO.,LTD,, an Entity of Unknown Organization; SUZHOU INDUSTRIAL PARK YONGHE MOTORCYCLE MANUFACTURE CO., LTD., an Entity of Unknown Organization; SEABOARD WAREHOUSE, an Entity of Unknown Organization; DAN WOJIEK, an individual, GREATWIDE DISTRIBUTION, an Entity of Unknown Organization; SANDRA ERWIN an individual; CHALLENGER FREIGHT SYSTEMS, an Entity of Unknown Organization; JOSH MCCALEB, an individual; ABSOLUTE LOGISTICS, an Entity of Unknown Organization; DAVID W. KERBER, an individual; JET DELIVERY SYSTEMS, INC., an Entity of Unknown Organization; COAST BRIDGE LOGISTICS, an Entity of Unknown Organization; MOUNTAIN | Case No.:07CV2093JM NLS<br><br>FIRST AMENDED COMPLANT COMPLAINT FOR TEMPORARY RESTRAINING ORDER; PRELIMINARY AND PERMANENT INJUNCTIONS AND DAMAGES |

1

STATES LOGISTICS, an Entity of )
Unknown Organization; RUSTY WALKER )
an individual; DAVE KERBER an )
individual, COAST BRIDGE LOGISTICS )
an Entity of Unknown Organization; )
UNIQUE LOGISTICS, an Entity of )
Unknown Organization; JAMES CHOU, )
an individual; and DOES 26 - 100. )
)
Defendants. )
)

1.   Plaintiff is and at all times mentioned herein was a Limited Liability Company duly existing under the laws of the State of California with its principal place of business in Encinitas, San Diego County, California.

2.   Upon information and belief, defendant BRISAKI, LLC dba AwesomeBuggy.com is a business entity of unknown organization and existing under the laws of the State of Arizona and having a mailing address of 2020 North 10th Avenue, Tucson, AZ 85705.

3.   Upon information and belief, defendant SUNRIGHT is a business entity of unknown organization and existing under the laws of the State of Georgia and having a mailing address of 225 Horizon Drive, Suwanee, GA 30528.

4.   Upon information and belief, defendant DAVID WOO is an individual and a resident of the State of Georgia.

5.   Upon information and belief, GK MOTORSPORTS is a business entity of unknown organization and existing under the laws of the State of Oregon and having a mailing address of 1441 SW Chandler Suite 101, Bend, Oregon 97701.

6.   Upon information and belief, defendant MICHAEL CUNNINGHAM is an individual and a resident of the State of Oregon.

7.   ZHIYAO ZHANG is an individual and is listed as agent for

2

service of process with the California Secretary of State for XATV USA, INC. with an address in San Diego, San Diego County, California.

8. XATV USA, INC., is a California Corporation with its principal place of business in San Diego, San Diego County, California. Plaintiff is informed and believes that this is only an alter ego of ZHIYAO ZHANG.

9. Upon information and belief, SUZHOU HENGRUI IMP & EXP CO.,LTD is a business entity of unknown organization. Plaintiff is informed and believes that SUZHOU HENGRUI IMP & EXP CO.,LTD is only an alter ego of ZHIYAO ZHANG.

10. Upon information and belief, "SUZHOU INDUSTRIAL PARK YONGHE MOTORCYCLE MANUFACTURE CO., LTD, Plaintiff is informed and believes that SUZHOU INDUSTRIAL PARK YONGHE MOTORCYCLE MANUFACTURE CO., LTD, is only an alter ego of ZHIYAO ZHANG.

11. Upon information and belief, defendant SEABOARD WAREHOUSE is a business entity of unknown organization and existing under the laws of the State of Florida and having a mailing address of 3455 NW 54th St, Miami, FL 33142.

12. Upon information and belief, defendant DAN WOJIEK is an individual and a resident of the State of Oregon.

13. Upon information and belief, defendant GREATWIDE DISTRIBUTION is a business entity of unknown organization and existing under the laws of the State of Texas and having a mailing address of 12404 Park Central Drive Suite 300, Dallas, TX 75251

14. Upon information and belief, defendant SANDRA ERWIN is an individual and a resident of the State of Texas.

3

15.  Upon information and belief, defendant CHALLENGER FRREIGHT SYSTEMS,  is a business entity of unknown organization and existing under the laws of the State of Texas and having a mailing address of 1065 E Northwest Hwy Suite 100, Grapevine , TX.

16.  Upon information and belief, defendant JOSH MCCALEB is an individual and a resident of the State of Texas.

17.  Upon information and belief, defendant ABSOLUTE LOGISTICS,  is a business entity of unknown organization and existing under the laws of the State of Colorado and having a mailing address of 14700 East 38th Ave., Aurora , CO 80011.

18.  Upon information and belief, defendant DAVID W. KERBER is an individual and a resident of the State of Colorado.

19.  Upon information and belief, defendant JET DELIVERY SYSTEMS, INC., is a business entity of unknown organization and existing under the laws of the State of Oregon and having a mailing address of 6225 NE 112th Ave., Portland , OR.

20.  Upon information and belief, defendant CRAIG JOHNSON is an individual and a resident of the State of Oregon.

21. Upon information and belief, defendant COAST BRIDGE LOGISTICS, is a business entity of unknown organization and existing under the laws of the State of California and having a mailing address of 337 Baldwin Park Blvd City Of Industry, CA 91746.

22. Upon information and belief, defendant MOUNTAIN STATES LOGISTICS, is a business entity of unknown organization and existing under the laws of the State of Colorado and having a mailing address of 14700 E. 38th Avenue, Aurora, CO 8001.

4

23. Upon information and belief, defendant RUSTY WALKER is an individual and a resident of the State of Colorado.

24. Upon information and belief, defendant DAVE KERBER is an individual and a resident of the State of Colorado.

25. Upon information and belief, defendant UNIQUE LOGISTICS INTERNATIONAL is a business entity of unknown organization and existing under the laws of the State of Texas and having a mailing address of 801 Hanover Drive Grapevine, TX 76051.

26. Upon information and belief, defendant JAMES CHOU is an individual and a resident of the State of Texas.

27. This cause of action arises under the Lanham Act, Act of July 5, 1946, is for Infringement of a United States Trademark under the laws of the United States, 60 Statute. 427, USC, Title 15 Sections 1051-1127. Jurisdiction is vested in this court by virtue of 15. U.S.C. Section 1121 and 28 U.S.C. Section 1338.

28. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued in this action as Does 28 through 100, inclusive, and will amend this complaint when the same is ascertained. At all relevant times each Defendant, including any Defendant fictitiously named, was acting as the agent, servant, employee, partner, or joint venturer of each other Defendant in doing the things alleged herein, and is responsible in some manner for the damages claimed herein by the Plaintiff.

GENERAL ALLEGATIONS

29. Paragraphs 1 though 28. are realleged as if fully set forth.

30. At all material times herein, plaintiff has been and is

5

engaged in the manufacture and interstate wholesale distribution of motorized buggies under the trademark "XATVusa."

31. Plaintiff filed the trademark XATVusa with the U.S. Patent and Trademark Office on January 19, 2007, Application serial no. 77087145. Plaintiff amended said mark as follows: XATV USA (Stylized and/or with Design). The applicant claims color as a feature of the mark, namely, red and black are the predominate colors, but it can vary. The mark consists of a customized letter X. The font colors of the XATV logo is predominately red but it can vary. The font color of the USA is black or white.

32. Plaintiff has used the trademark and images of its product which bears said trademark continuously since and prior to January 19, 2007 to identify its gas powered vehicles commonly referred as "dune buggies" or "buggies." In this connection, plaintiff uses its XATV trademark on the outer crank case of the engines of the vehicles that it distributes, and, it uses the images of the product which bears said trademark on various websites and those of retailers who are licensed to sell plaintiff's products.

33. Plaintiff has been selling its vehicles to various retail outlets throughout the United States and on internet websites.

34. Around and about October 26, 2007 through January 8, 2008, Plaintiff by letter, advised defendants of plaintiff's ownership of the trademark and the registration thereof, and requested defendants to immediately cease and desist use of the trademark and not to sell, encumber, or transfer goods bearing

6

1  said trademark. Defendants have failed and refused, and continues
2  to fail and refuse to comply with plaintiff's request.

3      35. Plaintiff is informed and believes and thereon alleges
4  that as a proximate result of advantage accruing to defendant's
5  business from plaintiff's nationwide advertising, sales, and
6  consumer recognition, and as a proximate result of confusion or
7  deception or mistake or a combination thereof caused by
8  defendant's wrongful advertising and sale of its goods, as
9  hereinabove alleged, bearing the name XATV and displaying the
10 plaintiff' images, defendant has made substantial sales and
11 profits in the approximate amount of $ 1,000,000.00.

12     36. Plaintiff is informed and believes and thereon alleges
13 that as a proximate result of advantage accruing to defendant's
14 business from plaintiff's nationwide advertising, sales, and
15 consumer recognition, and as a proximate result of confusion or
16 deception or mistake or a combination thereof caused by
17 defendant's wrongful advertising and sale of its goods, as
18 hereinabove alleged, bearing the name XATV, plaintiff has been
19 deprived of substantial sales of its vehicles in the approximate
20 amount of $ 1,000,000.00, and has been deprived of the value of
21 its trademark as a commercial asset, in the approximate amount of
22 $ 10,000,000.00.

23     37. Plaintiff is informed and believes and thereon alleges
24 that unless restrained by this Court, defendant will continue to
25 infringe plaintiff's registered trademark, thus engendering a
26 multiplicity of judicial proceedings, and pecuniary compensation
27 will not afford plaintiff adequate relief for the damage to its

7

1    trademark in public perception.

2         WHEREFORE, Plaintiff prays:

3    1.    For an order requiring defendants to show cause, if they

4    have any, why they should not be enjoined as set forth below,

5    during the pendency of this action;

6    2.    For a temporary restraining order, a preliminary

7    injunction, and a permanent injunction, all enjoining defendants,

8    and each of them, and their agents, servants, and employees, and

9    all persons acting under, in concert with, or for them from:

10        (a)   Using the name "XATV" or any of plaintiff's images

11              depicting plaintiff's products connection with its internet

12              websites and in connection with any of its vehicles, dune

13              buggies, or buggies for sale on said websites;

14        (b)   Otherwise infringing plaintiff's trademark;

15        (c)   Causing likelihood of confusion, deception, or mistake

16              as to the source, nature, or quality of defendants' goods;

17    3.    For an order directing defendants and each of them, to

18    file with this court and serve on plaintiff within 30 days after

19    service of an injunction, a report in writing under oath, setting

20    forth in detail the manner and form in which defendants have

21    complied with the injunction;

22    4.    For an order requiring defendants and each of them to

23    deliver up, take down,  and destroy all infringing images posted

24    on any and all websites used by defendants to sell said

25    counterfeit products, and to take down any offers to sell any said

26    counterfeit products thereon;

27    5. For all of defendants' profits derived from its

8

1  infringement of plaintiff's trademark;

2      6.  For three times the amount of plaintiff's actual damages

3  caused by defendants's infringement op plaintiff's trademark;

4      7.  For plaintiff's reasonable attorney's fees expended in

5  this action;

6      8.  For costs of suit incurred herein and,

7      9.  For such other and further relief as this Court may deem

8  just and proper

9

10  January 8, 2008

11                              JAMES WM. BRAVOS, ESQ.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9