# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q-ELECTRIC LLC, ) | Civil No.07cv2093 JM (NLS) |
| ) | |
| Plaintiff, ) | **ORDER AWARDING SANCTIONS,** |
| v. ) | **SETTING RULE 26 COMPLIANCE,** |
| ) | **AND NOTICE OF *TELEPHONIC* CASE** |
| BRISAKI, LLC dba ) | **MANAGEMENT CONFERENCE** |
| AWESOMEBUGGY.COM, an entity of ) | |
| unknown organization, and DOES 1-100, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On January 30, 2008, the Court held an Early Neutral Evaluation Conference (ENE). Neither Plaintiff or its counsel appeared at the ENE. The Court then set an Order to Show Cause (OSC) hearing and ordered: (1) Plaintiff's counsel, James William Bravos, to file a declaration–by February 13, 2008–outlining any justification for his failure to appear at the ENE; (2) James William Bravos to appear "**in person**" at the OSC and attempt to show cause why sanctions should not be imposed; and (3) Plaintiff's client representative to be available by telephone standby at the OSC. January 30, 2008 Order Setting OSC (emphasis in original) [Doc. No. 12].

James William Bravos never filed a declaration. He did not appear at the February 19, 2008 OSC hearing. Plaintiff's client representative was not on telephonic standby. Instead, David Ebersole appeared for Plaintiff. Mr. Ebersole said that he will be substituting in as Plaintiff's counsel. The Court noted that James William Bravos is still the attorney of record for this case, and ordered Mr. Ebersole to file the substitution forthwith. As of the date of this order, however, no substitution has been filed.

At the OSC Mr. Ebersole presented a declaration from Mr. Bravos that summarily explained that Mr. Bravos did not appear at the January 30th ENE because as of January 28, 2008, the California State Bar suspended his license and deemed him ineligible to practice law. The Court noted that this excuse differed from what Mr. Bravos told the judge's law clerk on January 30th, which was that he did not appear because he confused the scheduled time for the ENE. The excuse also does not explain why Mr. Bravos did not lodge a confidential ENE statement with the Court by January 25, 2008, despite the Court's unequivocal language in its December 4, 2007 Order requiring him to do so and a reminder telephone call from the judge's law clerk.

Based on Plaintiff's and Mr. Bravos' failure to follow the Court's December 4 Order setting the ENE and failure to appear at the OSC, the Court finds good cause to impose sanctions. The Court **FINDS** that Plaintiff and James William Bravos are jointly and severally liable for sanctions and **ORDERS** them to pay the sum of **$2,511.16** for reasonable attorney's fees and expenses directly to Quintana Law Group by *February 29, 2008*.

The Court **FURTHER ORDERS:**

1. Counsel are ordered to appear **telephonically** on *April 4, 2008 at 10:00 a.m.* before Magistrate Judge Stormes for a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b). Plaintiff's counsel shall initiate the telephonic conference.

2. The Rule 26(f) conference shall be completed on or before *March 14, 2008*.

3. A Joint Discovery Plan shall be lodged with Magistrate Judge Stormes on or before *March 24, 2008*. (The date and time for the CMC should be included in the caption of the Joint Discovery Plan.)

4. The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur on or before *March 28, 2008*.

Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter. Each responsible attorney of record and all parties representing themselves shall participate in the conference. Represented parties need not participate.

///

///

1  Failure of any counsel or party to comply with this order will result in sanctions.

2  **IT IS SO ORDERED.**

3  DATED:  February 20, 2008

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge