DAVID A. EBERSOLE, ESQ.
State Bar No. 128795
4666 Ramsay Ave.
San Diego, CA 92122
(858) 622-1604

Attorney for Plaintiff, Q-ELECTRIC LLC

Andres F. Quintana, Esq.
Quintana Law Group, APC
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
(818) 914-2104

Attorney for Defendant, BRISAKI, LLC dba AWESOMEBUGGY.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q-ELECTRIC LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRISAKI, LLC dba AWESOMEBUGGY.COM an Entity of Unknown Organization, et al. <br><br> Defendants. | Case No.: 07CV2093JM NLS <br><br> CASE MANAGEMENT REPORT <br><br> Action Filed: Oct. 31, 2007 |

1. Meeting of Parties: Pursuant to ORDER signed by Judge Nita L. Stormes on 2/20/08. Telephonic Case Management Conference set for 4/4/2008 10:00 AM in Courtroom F before Magistrate Judge Nita L. Stormes. a meeting was held on March 24, 2008 by telephone and was attended by the attorneys as listed in the caption above the other Defendants that have been added did not participate in the conference.

This is a trademark infringement case. Plaintiff will be

1

seeking to amend the complaint to clean up some factual discrepancies and allege additional causes of action for copyright infringement and related claims for unfair competition. The amended complaint will include only defendants Brisaki, LLC, Zhiyao Zhang, XATVUSA, Inc. and Unique Logistics.

2. Pre-Trial Discovery Disclosures: The parties agreed that they will exchange the information required by Federal Rule Civil Procedure 26(a)(1) no later than ~~fourteen (14) days after the~~ March 28, 2008, as ordered by ~~Status Conference set for 4/4/200 before~~ Magistrate Judge Stormes. ~~Miller.~~ Per Rule 26(a)(D) parties that are first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

3. Discovery Plan: The parties agreed that no changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure and Local Rules. The parties anticipate propounding written discovery, including document requests, interrogatory requests and requests for admission, as well as deposition discovery. Discovery may be reasonably completed by September 2008. Expert designation and expert disclosure by July 15, 2008.

—Plaintiff: The parties jointly propose the following Plaintiff's discovery plan:

    (1) Requests for Admission: Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). court.

    (2) Written Interrogatories: interrogatories pursuant to

2

Rule 33, Fed.R.Civ.P., including all parts and subparts. Plaintiff reserves the right to exceed the limit per pursuant to Rule 33, Fed.R.Civ.P with approval by the court.

(3) Requests for Production or Inspection: Plaintiff will be seeking all documents from defendant which reference plaintiff's trademarked product in any manner.

(4) Oral Depositions: "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), plaintiff will not take more than ten depositions. Each deposition will be limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court. Plaintiff will seek to depose those designated by defendant as those most knowledgeable as to sales of product bearing plaintiff's trademark.

(5) Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due July 15, 2008.

(6) Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided no later than September 15, 2008.

(7) Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before September 15, 2008.

—Defendant: The parties jointly propose the following Defendant's discovery plan:

"(1) Requests for Admissions: Defendant Brisaki's does not request any alteration to the limits on requests for admissions contained in Fed. R. Civ. Proc. 26(b)(2).

(2) Written Interrogatories: Defendant Brisaki's does not request any alteration to the limits on written interrogatories contained in Fed. R. Civ. Proc. 33, and will seek approval of the Court for if the need arises to exceed the limitations therein.

(3) Requests for Production or Inspection: Defendant Brisaki's does not request any alteration to the limits on requests for admissions contained in Fed. R. Civ. Proc., and anticipates seeking documents and things related to Plaintiff's claims and Defendant Brisaki's affirmative defenses.

3

(4) Oral Depositions: Defendant Brisaki's does not request any alteration to the limits on requests for admissions contained in Fed. R. Civ. Proc. 30 and 31, in that Defendant Brisaki will take no more than ten (10) depositions, which will be limited to seven (7) hours in length, unless the parties should stipulate to a longer session, or such extension is approved by the Court. Defendant Brisaki anticipates deposing witnesses with knowledge of the claims and defenses in this case, as well as the Plaintiff's designated person(s) most knowledgeable about the issues herein.

(5) Disclosure of Expert Testimony: Defendant Brisaki confirms that the parties stipulate to the disclosure of expert information no later than July 15, 2008, in accordance with Fed. R. Civ. Proc. 26(a)(2).

(6) Supplementation of Disclosures and Responses: Defendant Brisaki's agrees that any supplementation should take place at or before the close of discovery in this case, proposed to take place on September 15, 2008.

(7) Completion of Discovery: Defendant Brisaki agrees that all discovery in this matter should be completed by September 15, 2008."

4. Joint Discovery Plan – Other Matters: Parties agree on the following other matters relating to discovery the parties do not believe there is any reason to conduct discovery in phases, or otherwise limit it to specific topics or issues. Further, the parties believe that confidential and/or sensitive information may be relevant in this matter, and therefore will attempt to reach an agreement on a mutually agreeable protective order should the disclosure of such information become necessary."

5. Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery: Place of deposition, i.e., whether or not the deponent is required to appear within 150 miles of the forum.

6. Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing:

    a. motions for leave to file third party claims and/or motions to join parties should be November 15, 2008

    b. motions for summary judgment and all other potentially dispositive motions should be November 15, 2008.

7. Settlement and Alternative Dispute Resolution: The parties submit the following statement concerning their intent regarding Alternative Dispute Resolution: Parties agree that settlement is likely. Parties do not agree to consent to binding arbitration.

8. Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. 636.

9. Preliminary Pretrial Conference: a preliminary pretrial conference on or before November 15, 2008.

10. Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference within two weeks before the date set for trial in this matter.

dated: March 24, 2008  \s\ David A. Ebersol
                                e-mail: eberlaw@san.rr.com

DAVID A. EBERSOLE, ESQ.
State Bar No. 128795
4666 Ramsay Ave.
San Diego, CA 92122
(858) 622-1604

Attorney for Plaintiff, Q-ELECTRIC LLC

1  dated March 24, 2008
   John N. Houkom
2  Andres F. Quintana, Esq.
   Quintana Law Group, APC
3  Warner Center Tower
   21650 Oxnard Street, Suite 700
4  Woodland Hills, California 91367 (
   (818) 914-2104
5
   Attorney for Defendant, BRISAKI, LLC dba AWESOMEBUGGY.COM