Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
**QUINTANA LAW GROUP**
A Professional Law Corporation
The Warner Center
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
Email: andres@qlglaw.com
        john@qlglaw.com

Attorneys for Defendant Brisaki, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q-ELECTRIC LLC, | CASE NO. 07CV2093 JM (NLS) |
|        Plaintiff, | |
| vs. | **DEFENDANT BRISAKI, LLC'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO SET AN OSC RE: FURTHER SANCTIONS FOR 10:00 A.M. APRIL 4, 2008 AND SEEKING FURTHER MONETARY SANCTIONS OF $990.00, A FINDING OF CONTEMPT OF COURT AND DISMISSAL OF PLAINTIFF'S CLAIMS** |
| BRISAKI, LLC dba AWESOMEBUGGY.COM, an Entity of Unknown Organization; DOES 1-100 | |
| | [Complaint Filed On November 1, 2007] |
| | [Memorandum of Points and Authorities Filed Herewith and Proposed Order Lodged Herewith] |

Quintana Law
Group, APC

1  TO PLAINTIFF Q-ELECTRIC LLC AND THIER ATTORNEY OF RECORD
2  HEREIN:

3      PLEASE TAKE NOTICE THAT Defendant Brisaki, LLC (hereinafter
4  "Defendant" or "Brisaki") by and through the Quintana Law Group, APC, its counsel
5  of record, will and hereby do apply, ex parte, for an Order setting an OSC re: Further
6  Sanctions for 10:00 a.m. April 4, 2008 ns seeking further monetary sanctions, a
7  finding of contempt of court and dismissal of Plaintiff Q-Electric LLC's ("Plaintiff"
8  or "Q-Electric") claims.

9      This ex parte application is based on the fact that:

10     1.    On January 30, 2008, this Court held a duly noticed Early Neutral
11 Evaluation, pursuant to this Court's December 4, 2007 Order, which was attended by
12 Defendant Brisaki's authorized representative and Defendant Brisaki's counsel of
13 record in this matter, but not attended by any representative of Plaintiff Q-Electric or
14 Plaintiff Q-Electric's counsel of record;

15     2.    On February 19, 2008, this Court held an OSC hearing to allow Plaintiff
16 Q-Electric to show cause why sanctions should not be imposed for Plaintiff Q-
17 Electric's failure to comply with this Court's December 4, 2007 Order;

18     3.    On February 20, 2008, this Court issued an Order Awarding Sanctions,
19 Setting Rule 26 Compliance, and Notice of *Telephonic* Case Management
20 Conference (the "February 20, 2008 Order"), which ordered, in relevant part "that
21 Plaintiff and James William Bravos are jointly and severally liable for sanctions and
22 **ORDERS** them to pay the sum of $2,511.16 for reasonable attorney's fees and
23 expenses directly to Quintana Law Group by ***February 29, 2008***." (Emphasis in
24 original.)

25     4.    The February 20, 2008 Order also ordered that "Counsel are ordered to
26 appear **telephonically** on ***April 4, 2008 at 10:00 a.m.*** before Magistrate Judge
27 Stormes for a Case Management Conference pursuant to Federal Rule of Civil
28 Procedure 16(b)." (Emphasis in original.)

Quintana Law
Group, APC

-2-

1    5.    To date, neither Plaintiff nor Mr. Bravos have paid the sanctions
2  awarded in the February 20, 2008 Order.

3    Defendant Brisaki brings this request on an *ex parte* basis (rather than by
4  noticed motion) so that the determination of whether additional sanctions are
5  appropriate can be made in conjunction with the previously noticed April 4, 2008
6  Case Management Conference to avoid the unnecessary incurrence of additional fees
7  and costs that would arise from holding a separate hearing on the issue of unpaid
8  sanction.

9    Plaintiff's counsel, David Ebersole, Esq., has not informed Defendant's
10  counsel whether Q-Electric opposes this Ex Parte Application, but it is presumed that
11  Q-Electric will, at a minimum, oppose the sanctions requested by Brisaki.

12    Because good cause exists, Brisaki herein applies for an order setting an OSC
13  re: Further Sanctions at 10:00 a.m. on April 4, 2008 before Magistrate Judge Stormes
14  to coincide with the previously scheduled Case Management Conference, and
15  seeking further monetary sanctions in the amount of nine-hundred and ninety dollars
16  ($990.00), a finding of contempt of court against Plaintiff Q-Electric, and the
17  dismissal of Plaintiff Q-Electric's claims in this case.

18

19  DATED: April 1, 2008                    QUINTANA LAW GROUP
20                                          A Professional Law Corporation

21

22                                          By: _____
23                                              John M. Houkom
24                                              Attorneys for Defendant Brisaki, LLC

25

26

27

28

Quintana Law
Group, APC

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA            )

3                                   ) ss:

     COUNTY OF LOS ANGELES          )

4

5        I am employed in the County of Los Angeles, State of California. I am over
     the age of eighteen (18) years and not a party to the within action. My business
     address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

6

7        On April 1, 2008, I served the document described as

8    **DEFENDANT BRISAKI, LLC'S NOTICE OF *EX PARTE* APPLICATION
     AND *EX PARTE* APPLICATION TO SET AN OSC RE: FURTHER
     SANCTIONS FOR 10:00 A.M. APRIL 4, 2008 AND SEEKING FURTHER
9    MONETARY SANCTIONS OF $990.00, A FINDING OF CONTEMPT OF
     COURT AND DISMISSAL OF PLAINTIFF'S CLAIMS**

10

11   on counsel for the parties in this action, or on the parties in propria persona,
     addressed as stated on the attached service list:

12

13   [ X ]  BY MAIL:  By placing true and correct copies thereof in individual sealed
     envelopes, with postage thereon fully prepaid, which I deposited with my employer

14   for collection and mailing by the United States Postal Service. I am readily familiar
     with my employer's practice for the collection and processing of correspondence for

15   mailing with the United States Postal Service. In the ordinary course of business,

16   this correspondence would be deposited by my employer with the United States

17   Postal Service on that same day. I am aware that on motion of the party served,
     service is presumed invalid if postal cancellation date or postage meter date is more

18   than one day after the date of deposit for mailing in affidavit.

19
     [X]    (FEDERAL) I declare that I am employed in the office of a member of the bar
20   of this Court at whose direction the service was made.

21
     EXECUTED on April 1, 2008 at Woodland Hills, California.
22

23

24                                                  Beatriz Singleton

25

26

27

28

Quintana Law
Group, APC

1 <u>**SERVICE LIST**</u>

2

3 David A. Ebersole, Esq.
4666 Ramsay Avenue
4 San Diego, CA 92122

5
Attorney for Plaintiff Q-Electric LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Quintana Law
Group, APC