1 | Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
2 | **QUINTANA LAW GROUP**
A Professional Law Corporation
3 | The Warner Center
21650 Oxnard Street, Suite 700
4 | Woodland Hills, California 91367
Telephone: (818) 914-2100
5 | Facsimile: (818) 914-2101
Email: andres@qlglaw.com
6 |      john@qlglaw.com

7 | Attorneys for Defendant Brisaki, LLC

8

### UNITED STATES DISTRICT COURT

9

### SOUTHERN DISTRICT OF CALIFORNIA

10

11

Q-ELECTRIC LLC,

     Plaintiff,

     vs.

BRISAKI, LLC dba
AWESOMEBUGGY.COM, an Entity of
Unknown Organization; DOES 1-100

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 07CV2093 JM (NLS)

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT BRISAKI, LLC'S
NOTICE OF** *EX PARTE*
**APPLICATION AND** *EX PARTE*
**APPLICATION TO SET AN OSC
RE: FURTHER SANCTIONS FOR
10:00 A.M. APRIL 4, 2008 AND
SEEKING FURTHER MONETARY
SANCTIONS OF $990.00, A
FINDING OF CONTEMPT OF
COURT AND DISMISSAL OF
PLAINTIFF'S CLAIMS**

[Complaint Filed On November 1, 2007]

[Notice of Application and Application
Filed Herewith, and Proposed Order
Lodged Herewith]

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Quintana Law
Group, APC

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.**

3    **COMPLIANCE WITH LOCAL CIVIL RULE 83.3(h)(2)**

4    In compliance with Local Civil Rule 83.3(h)(2), Defendant Brisaki, LLC

5    ("Brisaki") states that on April 1, 2008, counsel for Defendant Brisaki informed

6    Plaintiff Q-Electric LLC's ("Q-Electric") counsel of record, David A. Ebersole, Esq.,

7    the time and location where this application would be made, specifically by *ex parte*

8    application to this Court on April 1, 2008, seeking to set an OSC re: Further

9    Sanctions to coincide with the previously scheduled Case Management Conference

10    on April 4, 2008, at 10:00 a.m. (Declaration of John M. Houkom ("Houkom Decl."),

11    ¶6, attached hereto.)

12    As detailed more carefully below, Defendant Brisaki seeks an order setting an

13    OSC re: Further Sanctions for 10:00 a.m. on April 4, 2008, and at that OSC hearing,

14    seeking further monetary sanctions of nine-hundred and ninety dollars ($990.00) for

15    additional attorney's fees incurred, seeking a finding of contempt of court against

16    Plaintiff Q-Electric, and seeking the dismissal of Plaintiff Q-Electric's claims.   A

17    proposed order has been lodged concurrently herewith.   Plaintiff's counsel has not

18    informed Defendants' counsel that Q-Electric opposes this *ex parte* application.

19    **II.**

20    **INTRODUCTION**

21    On February 20, 2008, this Court ordered in its Order Awarding Sanctions,

22    Setting Rule 26 Compliance, and Notice of *Telephonic* Case Management

23    Conference (the "February 20, 2008 Order") that Plaintiff Q-Electric and its former

24    counsel, James William Bravos, were to pay sanctions in the amount of $2,511.16 to

25    Defendant Brisaki for the fees and costs incurred by Brisaki attending the Early

26    Neutral Evaluation set by this Court, but not attended by Plaintiff Q-Electric or its

27    representatives.   Pursuant to the express terms of the February 20, 2008 Order, those

28    sanctions were to be paid by February 29, 2008.

Quintana Law
Group, APC

1   To date, the sanctions have still not been paid.

2   By this Application, Defendant Brisaki seeks an order setting an OSC re:

3   Further Sanctions for 10:00 a.m. on April 4, 2008, so that Plaintiff's failure to comply

4   with the February 20, 2008 Order can be dealt with at the previously scheduled Case

5   Management Conference set before this Court at that same date and time.  At that

6   OSC, Brisaki asks that the Court award sanctions against Q-Electric as the Court sees

7   fit, but specifically requests the award of further monetary sanctions in the amount of

8   nine-hundred and ninety dollars ($990.00) in attorney's fees, a finding of contempt of

9   court against Plaintiff Q-Electric, and the dismissal of Q-Electric's claims.

10                                   **III.**

11                             **RELEVANT FACTS**

12   On or about November 1, 2007, Plaintiff filed its Complaint in this case against

13   Defendant Brisaki.

14   On January 30, 2008, this Court held a properly noticed Early Neutral

15   Evaluation, pursuant to this Court's December 4, 2007 Order, which was attended by

16   Defendant Brisaki's authorized representative and Defendant Brisaki's counsel of

17   record in this matter, but not attended by any representative of Plaintiff Q-Electric

18   LLC's ("Plaintiff" or "Q-Electric") or Plaintiff Q-Electric's counsel of record.  (*See*

19   February 20, 2008 Order, 1:17-18, attached to the Houkom Decl. as Exhibit "A" for

20   the convenience of the Court.)

21   On February 19, 2008, this Court held an OSC hearing to allow Plaintiff Q-

22   Electric to show cause why sanctions should not be imposed for Plaintiff Q-Electric's

23   failure to comply with this Court's December 4, 2007 Order.  (*See* February 20, 2008

24   Order, 1:24-2:8.)

25   On February 20, 2008, this Court issued an Order Awarding Sanctions, Setting

26   Rule 26 Compliance, and Notice of *Telephonic* Case Management Conference (the

27   "February 20, 2008 Order"), which ordered, in relevant part "that Plaintiff and James

28   William Bravos are jointly and severally liable for sanctions and **ORDERS** them to

Quintana Law
Group, APC

1  pay the sum of $2,511.16 for reasonable attorney's fees and expenses directly to

2  Quintana Law Group by ***February 29, 2008***." (Emphasis in original; *see* February

3  20, 2008 Order, 2:10-13.)

4       The February 20, 2008 Order also ordered that "Counsel are ordered to appear

5  **telephonically** on ***April 4, 2008 at 10:00 a.m.*** before Magistrate Judge Stormes for a

6  Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b)."

7  (Emphasis in original; *see* February 20, 2008 Order, 2:15-17.)

8       Counsel for Brisaki has held several telephonic conferences with Plaintiff's

9  counsel, David Ebersole, Esq., to inquire about the payment of the sanctions award

10  (Houkom Decl., ¶4-7), but to date, the Plaintiff has not paid the sanctions awarded in

11  the February 20, 2008 Order. (Houkom Decl., ¶3.)

12       In the process of conferring with opposing counsel regarding this *ex parte*

13  application, and in researching and preparing the application and supporting

14  documents, Brisaki has incurred an additional nine-hundred and ninety dollars

15  ($990.00) in attorneys fees. (Houkom Decl., ¶¶8-9.)

16  **IV.**

17  **ARGUMENT**

18       Defendant Brisaki was sued by Plaintiff Q-Electric for allegedly infringing

19  upon Plaintiff's purported trademark "XATVusa." After failing to appear at the ENE

20  set by the Court in this case, Brisaki was awarded sanctions in the amount of

21  $2,511.16 to recover the reasonable attorney's fees and expenses incurred attending

22  the ENE session.

23       Despite the unambiguous imposition of those sanctions, and the deadline for

24  paying them laid out explicitly in the Court's February 20, 2008 Order, Plaintiff[1] has

25  failed to pay the sanctions award despite the deadline for payment having passed

26  ――――――――――――――

27  [1] The February 20, 2008 Order stated that Plaintiff Q-Electric and James William Bravos were "jointly and separately liable" for those sanctions. (*See* February 20, 2008 Order, 2:11.) To date, James William Bravos has also not

28  paid any portion of the sanctions awarded. (Houkom Decl., ¶3.)

1  more than a month ago, on February 29, 2008.  It is beyond reasonable dispute that

2  Plaintiff Q-Electric has violated and continues to violate this Court's February 20,

3  2008 Order.

4       Federal courts have both inherent and statutory authority to punish contempt

5  and to coerce compliance with their orders. 18 U.S.C. § 401; *Int'l Union, UMWA v.*

6  *Bagwell* (1994) 512 U.S. 821, 831-32, 114 S.Ct. 2552, 129 L.Ed.2d 642 ("Courts

7  independently must be vested with power to impose ... submission to their lawful

8  mandates ... Courts thus have embraced an inherent contempt authority necessary to

9  the exercise of all others[ .]" (internal citations and quotation marks omitted)).  The

10  failure to pay a sanction may constitute a willful violation of a court order. *Stars'*

11  *Desert Inn Hotel & Country Club, Inc. v. Hwang* (9th Cir.1997) 105 F.3d 521, 524;

12  *Adriana Intern. Corp. v. Theoren* (9th Cir.1990) 913 F.2d 1406, 1417 (failure to pay

13  court-ordered sanctions is an appropriate basis for a contempt citation).

14       Further, under Local Civil Rule 83.1(a):

15           Failure of counsel or of any party to comply ... with any order

16           of the court may be ground for imposition by the court of any

17           and all sanctions authorized by statute or rule or within the

18           inherent power of the court, including, without limitation,

19           dismissal of any actions, entry of default, finding of contempt,

20           imposition of monetary sanctions or attorneys' fees and costs

21           and other lesser sanctions.

22  Sanctions for violating court orders and the local rules are appropriate because

23  "[l]ocal rules are of paramount importance in that they allow the Court to carry out its

24  functions, and the Court has 'broad discretion in interpreting and applying their local

25  rules.'" *Wilson v. Kayo Oil Co.* (S.D.Cal., February 29, 2008) Slip Copy, 2008 WL

26  650328, *8 ; *quoting Delange v. Dutra Const. Co., Inc.* (9th Cir.1999) 183 F.3d 916,

27  919 n. 2.

28       Here, the Defendant seeks to have the issue of whether further sanctions

Quintana Law
Group, APC

1  against Plaintiff are appropriate, and if so, what those sanctions should be, heard by
2  this Court at 10:00 a.m. on April 4, 2008, the same date previously notices for a Case
3  Management Conference in this case pursuant to *Federal Rule of Civil Procedure*
4  16(b).    Defendant Brisaki respectfully submits that reasonable sanctions for
5  Plaintiff's ongoing and unexcused dilatory behavior include, but are not limited to,
6  the imposition of further monetary sanctions in the amount of nine-hundred and
7  ninety dollars ($990.00), a finding of contempt against Plaintiff Q-Electric and the
8  dismissal of Plaintiff Q-Electric's claims.

9        The requested schedule for the OSC is appropriate because the Plaintiff has
10 been aware of it's noncompliance with the Court's February 20, 2008 Order for over
11 one month, and it would preserve the resources of both the parties and the Court if
12 this issue could be heard in conjunction with the Case Management Conference,
13 rather than being heard at some separate hearing in the future.

14                                    **V.**

15                               **CONCLUSION**

16       For the foregoing reasons, and having shown good cause, Defendant Brisaki
17 respectfully requests the Court grant this *ex parte* application and set an OSC re:
18 Further Sanctions against Plaintiff and its counsel of record at 10:00 a.m. on April 4,
19 2008, at which time the Court will consider whether to impose further monetary
20 sanctions in the amount of $990.00, whether to issue a finding of contempt against
21 Plaintiff Q-Electric, whether to dismiss Plaintiff Q-Electric's claims, and whatever
22 other sanctions the Court may determine appropriate.

23 DATED: April 1, 2008            QUINTANA LAW GROUP
                                   A Professional Law Corporation
24
25
26                          By: _____
27                                John M. Houkom
                                  Attorneys for Defendant Brisaki, LLC
28

Quintana Law
Group, APC

## DECLARATION OF JOHN M. HOUKOM

I, John M. Houkom, declare and state as follows:

1.    I am an attorney duly licensed to practice law before this Court and I am an attorney with the Quintana Law Group, APC, counsel of record for Defendant Brisaki, LLC in the above-captioned matter. I have first-hand, personal knowledge of the facts stated herein, and if called upon as a witness, could and would competently testify thereto. This declaration is made in support of Defendant Brisaki, LLC's *Ex Parte* Application To Set An OSC Re: Further Sanctions For April 4, 2008.

2.    On February 20, 2008, the Honorable Magistrate Judge Nita Stormes issued an Order Awarding Sanctions, Setting Rule 26 Compliance, and Notice of _Telephonic_ Case Management Conference (the "February 20, 2008 Order"). A true and correct copy of the February 20, 2008 Order is attached hereto for the convenience of the Court.

3.    As of the date of the filing of this application, Defendant Brisaki and its counsel have not been paid by either Plaintiff or its counsel (current or former) any portion of the $2,511.16 ordered to be paid by February 29, 2008 (the "Sanctions Award").

4.    Defendant Brisaki's counsel has demanded payment of the Sanctions Award from the Plaintiff on numerous occasions, to no avail. Those discussions included:

        a. During the initial conference of counsel pursuant to Rule 26 held on March 5, 2008;

        b. In emails exchanged between counsel on March 7, 2008 (a true and correct copy of the March 7, 2008 email chain is attached hereto as Exhibit "B");

        c. In emails exchanged between counsel on March 10, 2008 (a true and correct copy of the March 10, 2008 email chain is attached

1                    hereto as Exhibit "C"); and,

2           d.  During a telephonic conference between myself and David

3                Ebersole on March 28, 2008, wherein I informed Mr. Ebersole,

4                counsel for Plaintiff, that the Defendant intended to submit an *ex*

5                *parte* application seeking to have the Court set an OSC re: further

6                sanctions for failure to pay the award for April 4, 2008.  During

7                that conference Mr. Ebersole represented that the sanctions would

8                be paid the following Monday, March 31, 2008.

9      5.    On Monday, March 31, 2008, no evidence of payment of the Sanctions

10  Award was provided by Plaintiff or its counsel.

11      6.    During a telephonic conference between myself and David Ebersole on

12  April 1, 2008 at approximately 9:55 a.m., wherein Mr. Ebersole confirmed that the

13  Sanctions Award has not yet been paid, I informed him that the Defendants would

14  file the instant *ex parte* application today, April 1, 2008, seeking to have the Court

15  set an OSC re: Further Sanctions for failure to pay the Sanctions Award for April 4,

16  2008.  I spoke to Mr. Ebersole a second time on April 1, 2008, at approximately

17  3:35 p.m., and at that time I again confirmed the Defendant's intention to bring this

18  *ex parte* application, and he confirmed that the sanctions award had not yet been

19  paid.

20      7.    During those April 1, 2008 telephone conferences, Mr. Ebersole did not

21  indicate to me whether or not the Plaintiff intended to oppose the Defendant's *Ex*

22  *Parte* Application.

23      8.    My billable rate in this case is one-hundred and eighty dollars per hour

24  ($180.00/hour).

25      9.    I spent in excess of 5.5 hours conferring with opposing counsel

26  regarding this application, researching and preparing this application and the

27  supporting papers.

28

Quintana Law
Group, APC

1       I declare under penalty of perjury under the laws of the State of California

2  and the United States of America that the foregoing is true and correct.

3       Executed this first day of April, 2008, at Woodland Hills, California.

4

5

6                          John M. Houkom

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10
   Q-ELECTRIC LLC,                      )    Civil No.07cv2093 JM (NLS)
11                                       )
                          Plaintiff,     )    ORDER AWARDING SANCTIONS,
12   v.                                  )    SETTING RULE 26 COMPLIANCE,
                                         )    AND NOTICE OF *TELEPHONIC* CASE
13   BRISAKI, LLC dba                    )    MANAGEMENT CONFERENCE
     AWESOMEBUGGY.COM, an entity of      )
14   unknown organization, and DOES 1-100, )
                                         )
15                        Defendants.    )
                                         )
16   _____ )

17        On January 30, 2008, the Court held an Early Neutral Evaluation Conference (ENE).  Neither

18   Plaintiff or its counsel appeared at the ENE.  The Court then set an Order to Show Cause (OSC) hearing

19   and ordered: (1) Plaintiff's counsel, James William Bravos, to file a declaration–by February 13,

20   2008–outlining any justification for his failure to appear at the ENE; (2) James William Bravos to

21   appear "**in person**" at the OSC and attempt to show cause why sanctions should not be imposed; and (3)

22   Plaintiff's client representative to be available by telephone standby at the OSC.  January 30, 2008

23   Order Setting OSC (emphasis in original) [Doc. No. 12].

24        James William Bravos never filed a declaration.  He did not appear at the February 19, 2008

25   OSC hearing.  Plaintiff's client representative was not on telephonic standby.  Instead, David Ebersole

26   appeared for Plaintiff.  Mr. Ebersole said that he will be substituting in as Plaintiff's counsel.  The Court

27   noted that James William Bravos is still the attorney of record for this case, and ordered Mr. Ebersole to

28   file the substitution forthwith.  As of the date of this order, however, no substitution has been filed.

                                            1

1   At the OSC Mr. Ebersole presented a declaration from Mr. Bravos that summarily explained that

2   Mr. Bravos did not appear at the January 30th ENE because as of January 28, 2008, the California State

3   Bar suspended his license and deemed him ineligible to practice law.  The Court noted that this excuse

4   differed from what Mr. Bravos told the judge's law clerk on January 30th, which was that he did not

5   appear because he confused the scheduled time for the ENE.  The excuse also does not explain why Mr.

6   Bravos did not lodge a confidential ENE statement with the Court by January 25, 2008, despite the

7   Court's unequivocal language in its December 4, 2007 Order requiring him to do so and a reminder

8   telephone call from the judge's law clerk.

9   Based on Plaintiff's and Mr. Bravos' failure to follow the Court's December 4 Order setting the

10   ENE and failure to appear at the OSC, the Court finds good cause to impose sanctions.  The Court

11   **FINDS** that Plaintiff and James William Bravos are jointly and severally liable for sanctions and

12   **ORDERS** them to pay the sum of **$2,511.16** for reasonable attorney's fees and expenses directly to

13   Quintana Law Group by ***February 29, 2008***.

14   The Court **FURTHER ORDERS:**

15   1.   Counsel are ordered to appear **telephonically** on ***April 4, 2008 at 10:00 a.m.*** before

16   Magistrate Judge Stormes for a Case Management Conference pursuant to Federal Rule of Civil

17   Procedure 16(b). Plaintiff's counsel shall initiate the telephonic conference.

18   2.   The Rule 26(f) conference shall be completed on or before ***March 14, 2008***.

19   3.   A Joint Discovery Plan shall be lodged with Magistrate Judge Stormes on or before

20   ***March 24, 2008***.  (The date and time for the CMC should be included in the caption of the Joint

21   Discovery Plan.)

22   4.   The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur on or before

23   ***March 28, 2008***.

24   Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

25   Each responsible attorney of record and all parties representing themselves shall participate in the

26   conference.  Represented parties need not participate.

27   / / /

28   / / /

Failure of any counsel or party to comply with this order will result in sanctions.

**IT IS SO ORDERED.**

DATED:  February 20, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge

3

# EXHIBIT "B"

## John Houkom

| | |
|---|---|
| **From:** | Andres Quintana |
| **Sent:** | Friday, March 07, 2008 4:58 PM |
| **To:** | JAMES WM. BRAVOS, ESQ. |
| **Cc:** | David A. Ebersole; John Houkom |
| **Subject:** | RE: Q-Electric LLC v. Brisaki LLC et al |
| **Attachments:** | 2.20.08 Order Awarding Sanctions & Ntc of CMC.pdf |

Jim –

First, there is no attachment to your email.

Second, since you are no longer counsel of record and suspended from practicing law, I would prefer corresponding with Mr. Ebersole for the obvious reasons.

Finally, there is nothing arbitrary about my demand to produce the sanction award that was due on February 29th per court order. As you will note from the court's order, both you and your client are jointly and severally liable for the sanction award. Thus, you and your client are currently in violation of same. I failed to see how your client's unavailability impacts in any way your personally liability. I could have sought judicial intervention earlier this week but didn't as a professional courtesy.

Andres

Andres F. Quintana, Esq.
**Quintana Law Group, APC**
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Direct Phone: (818) 914-2104
Fax: (818) 914-2101
Email: andres@qlglaw.com

**From:** JAMES WM. BRAVOS, ESQ. [mailto:OBLAWYER@HOTMAIL.COM]
**Sent:** Friday, March 07, 2008 4:22 PM
**To:** Andres Quintana
**Cc:** David A. Ebersole
**Subject:** Re: Q-Electric LLC v. Brisaki LLC et al

Andres,

Please find attached joint report. It is brief but to the point. I included expert designation or disclosure dates for June. Is that too soon? Please advise.

My client is still out of the country. Your deadline for seeking terminating sanctions is therefore arbitrary. As it is the policy to hear cases on the merits under the circumstances you may not have good cause to support such a motion. May I suggest that you reserve your right on the motion. Thank you for your continued patience.

Per telephone you mentioned discussing settlement figures on Monday, not a motion for terminating sanctions. Please be assured such a motion will be vigorously opposed. Such threats are not conducive to settlement talks.

Thank you for your kind attention to this matter.

4/1/2008

Jim

----- Original Message -----
**From:** Andres Quintana
**To:** oblawyer@hotmail.com
**Cc:** John Houkom
**Sent:** Thursday, March 06, 2008 9:53 AM
**Subject:** Q-Electric LLC v. Brisaki LLC et al

Jim & David –

It was a pleasure speaking to both of you yesterday at the Rule 26(f) conference.  Pursuant to the FRCP, the Rule 26(f) Joint Report must be filed on Monday in anticipation of the Order Setting Conference.  As the plaintiff, you agreed to provide us a working draft of the Joint Report by this Friday, March 7th.  Please send a Word version so that we can redline and insert our required text.  I proposed we speak on Monday morning at 9:30am to go over the Joint Report and any discuss changes thereto before filing to make sure all requisite information is covered.  Please note that I am not available February 5 through 17, 2009 for trial.

Regarding the Magistrate's Order of February 20th, the Magistrate ordered you and/or your client to pay the sanction award of $2,511.16 by no later than February 29, 2008.  To date, we have not received the court ordered payment.  If we do not receive payment by 5:00 p.m. on Monday, March 10, 2008 (10 days after the court ordered deadline), we will have no choice but to file an ex parte application requesting that the Magistrate set an Order To Show Cause re: Terminating Sanctions.  Your cooperation is appreciated.

Andres

Andres F. Quintana, Esq.
**Quintana Law Group, APC**
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Direct Phone: (818) 914-2104
Fax: (818) 914-2101
Email: andres@qlglaw.com

**EXHIBIT "C"**

**From:** David A. Ebersole [mailto:eberlaw@san.rr.com]
**Sent:** Monday, March 10, 2008 5:46 PM
**To:** Andres Quintana
**Cc:** John Wang; james bravos
**Subject:** Re: Q-Electric re: Sanctions

Andres

Mr. Bravos is also currently unable to pay the sanction amount.   He also agrees to continue to be jointly and severally liable for the amount, plus accred interest at the legal rate from 2-20-08, the date the sanctions were ordered.   The inablity of both Mr. Bravos and my client to pay is not a wilful violation of the order.   They both agree to pay the amount, plus any accrued interest as soon as they are able to raise the funds.

David A. Ebersole
----- Original Message -----
**From:** Andres Quintana
**To:** David A. Ebersole
**Cc:** John Houkom
**Sent:** Monday, March 10, 2008 5:28 PM
**Subject:** Q-Electric re: Sanctions

David –

Let me state for the third time.  As the court's order clearly states, your client and Mr. Bravos are jointly and severally liable for the sanction award – jointly and severally; meaning Mr. Bravos is equally obligated to pay the sanction award and equally in violation of the order.  Thus, to avoid further peril upon your client (and Mr. Bravos), I suggest Mr. Bravos pay that sanction amount, as the court ordered him to do so.

Andres F. Quintana, Esq.
**Quintana Law Group, APC**
Warner Center Tower
21650 Oxnard Street, Suite 700
Woodland Hills, California 91367
Direct Phone: (818) 914-2104
Fax: (818) 914-2101
Email: andres@qlglaw.com

**From:** David A. Ebersole [mailto:eberlaw@san.rr.com]
**Sent:** Monday, March 10, 2008 5:05 PM
**To:** Andres Quintana
**Cc:** John Wang
**Subject:** Sanctions

Andres
My client is financially unable to pay the sanctions of $2,511.26 today.  Efforts are being made to raise the funds and we will pay as soon as possible. We hereby agree to pay interest at the legal rate from 2-20-08, the day the sanctions were ordered.  Please note that the inability to pay is not a willful failure to comply with the court's order.   My client intends to pay the sanction amount plus accrued interest as soon the funds are available.

Very truly yours,
David A. Ebersole

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA              )
                                    ) ss:
3   COUNTY OF LOS ANGELES           )

4

5        I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 21650 Oxnard Street, Suite 700, Woodland Hills, California 91367.

6

7        On April 1, 2008, I served the document described as

8   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRISAKI, LLC'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO SET AN OSC RE: FURTHER SANCTIONS FOR 10:00 A.M. APRIL 4, 2008 AND SEEKING FURTHER MONETARY SANCTIONS OF $990.00, A FINDING OF CONTEMPT OF COURT AND DISMISSAL OF PLAINTIFF'S CLAIMS**

9

10

11  on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

12

13  [ X ]  BY MAIL:  By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

14

15

16

17

18

19

20  [X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

21

22  EXECUTED on April 1, 2008 at Woodland Hills, California.

23

24

25                                              Beatriz Singleton

26

27

28

Quintana Law
Group, APC

1

## SERVICE LIST

2

3  David A. Ebersole, Esq.
   4666 Ramsay Avenue
4  San Diego, CA 92122

5  Attorney for Plaintiff Q-Electric LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Quintana Law
Group, APC