David A. Ebersole #128795
4666 Ramsay Avenue
San Diego, CA 92122
(858) 622 -1604
Email: eberlaw@san.rr.com

Attorney for Plaintiff Q-EELECTRIC, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q-ELECTRIC, LLC.<br><br>Plaintiff,<br><br>vs.<br><br>BRISAKI, LLC dba<br>AWESOMEBUGGY.COM, an entity of<br>Unknown Organization,  et al. and DOES 26 – 100.<br><br>Defendants | Case No.: 07CV2093JM NLS<br><br>MEMORANDUM OF POINTS AND QUTHORITES IN OPPOSITION TO APPLICATION FOR FURTHER SANCTIONS, A FINDING OF CONTEMPT OF COURT AND DISMISSAL OF PLAINTIFF'S CLAIMS |

Plaintiff  Q-ELECTRIC, LLC (hereinafter "Plaintiff")  hereby objects to defendants ex-parte application and submits the following opposition to the application of Defendant BRISAKI, LLC (hereinafter "Defendant") for further sanctions, a finding of contempt of court and dismissal of Plaintiff's claims.

    1.  Plaintiff submits this opposition without  a waiver of its rights to assert that the matters at issue in the application should be raised by way of a noticed motion with proper time to prepare and respond.  Plaintiff further reserves the right to seek sanctions for time spent in responding to a harassing motion made in an attempt to deprive plaintiff of its fundamental due process rights under the United States Constitution.  Further grounds for sanctions requested will

- 1 -

be the bad faith of defendant in its Rule 26 meet and confer requirement to negotiate in good faith in representing that it would provide sales figures of plaintiff's trade-marked and domain named product, assuring that the sales of this product were insignificant in an exchange for a dismissal of defendant from this action.  Instead, defendant failed to provide the figures and began threats of terminating sanctions.

2.  The basic facts related to this application are not in dispute.  Plaintiff and it's former attorney James William Bravos (hereinafter "Bravos") have not made payment of the sanctions of $2,511.16 ordered by the court on February 20, 2008 to be paid by February 29, 2008.

3.  The reason that payment has not been made is that both Plaintiff and Bravos are currently financially unable to and do not have the funds to make the payment.  See Declaration of Greg Alexander, Chief Financial Officer of Q-ELECTRIC and Declaration of James William Bravos attached hereto.

4.  The Declarations of Plaintiff and Bravos establish an inability of both Plaintiff and Bravos to pay the sanctions.   Exhibit C of Defendants Memorandum of Points and Authorities also shows that both Plaintiff and Bravos tendered in good faith to pay interest on the obligation from the initial date of the Order, which is an extra nine days of interest before the obligation became due.

5.  The failure to pay the sanctions is not in bad faith and willful.  Plaintiff and Bravos should not be held in contempt for a willful violation of the court's February 20, 2008 Order.

6.  Before imposing the harsh sanction of dismissal, the court must weigh several factors: 1) the public's interest in expeditious resolution of litigation;  2) the court's need to manage its docket;  3) the risk of prejudice to the party seeking sanctions;  4) the public policy favoring disposition of cases on their merits; 5) and the availability of less drastic sanctions. *Henry v. Gill Industries, Inc.* (9th Cir. 1993) 983 F. 2d at 983.  For dismissal to be proper, the conduct to be sanctioned must be due to "willfulness, fault, or bad faith" Id. At 946.  Due process concerns further require that there exists a relationship between the sanction, the violation and its relationship to the litigation. *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.* (9th Cir. 1982) 682 F. 2d 802, 806.

7.  Here, the delay in payment creates no risk of prejudice to the opposing party and public policy clearly favors the disposition of this case on its merits.  Defendant's attempt to prevent this matter from being heard on its merits is not a proper use of the judicial process.

8.  The declaration of Greg Alexander establishes the reasons that plaintiff is unable to pay the sanction amount, based in some part on the improper actions of BRISAKI, LLC. Under the circumstances it is not in the interest of justice to further sanction Q-ELECTRIC, LLC for its inability to pay the sanctions .  Plaintiff's have offered to dismiss BRISAKI, LLC without prejudice and to pay the sanctions, with interest ,when it is able to do so.

DATED April 2, 2008

                                            S/ David A. Ebersole

                                            -----------------------------------

                                            David A. Ebesole

                                            Attorney For Plaintiff  Q-ELECTRIC, LLC

                                            Email: eberlaw@san.rr.com