```
1  DAVID A. EBERSOLE, ESQ.
   State Bar No. 128795
2  4666 Ramsay Ave.
   San Diego, CA 92122
3  (858) 622-1604
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q-ELECTRIC LLC,<br><br>    Plaintiff,<br><br>v,<br><br>BRISAKI, LLC dba AWESOMEBUGGY.COM<br>an Entity of Unknown Organization,<br>et al.<br><br>    Defendants. | Case No.: 07CV2093JM NLS<br><br>DECLARATION OF JOHN WANG<br>IN SUPPORT OF CLERK'S<br>JUDGMENT AGAINST DEFENDANT<br>ZHIYAO ZHANG<br><br>RULE 55 (b)(1)<br><br>Action Filed: Oct. 31, 2007 |

I, JOHN WANG, declare the following of my own knowledge and am competent to testify of the following under oath:

1. I served as Director for the plaintiff. Plaintiff and its affiliates and divisions, Q GLOBAL, a California Corporation and V-Force, LLC, a California limited liability corporation contracted with defendant ZHANG and his alter egos SUZHOU HENGRUI IMP & EXP CO., LTD,, an Entity of Unknown Organization, and SUZHOU INDUSTRIAL PARK YONGHE MOTORCYCLE MANUFACTURE CO., LTD., an Entity of Unknown Organization, where defendant would manufacture the trade-marked vehicles and other brand names presented to him by plaintiff, and, plaintiff would purchase the vehicles from defendant designed and branded by plaintiff.

1

2.  Attached as EXHIBIT A is a true and correct copy of e-mail correspondence from MR. ZHANG to myself with attachments of referenced documents referenced therein. It evidences sample of invoices and the purchases between the parties.

3.  Attached as EXHIBIT B is a true and correct copy of e-mail correspondence to MR. ZHANG from me. It lists what preparations were made to market the trade-marked vehicles. Thus Mr. Zhang became aware of plaintiff's marketing efforts and investment in the promotion of trade-marked vehicles. Plaintiff's expenditure for the items listed in said correspondence was in the amount of $ 5,280.00.

4.  Attached as EXHIBIT C are true and correct copies of e-mail correspondence between the parties and third party inventor and photographer further evidencing the investment made by plaintiff in its branded product. Plaintiff's expenditure for the items listed in said correspondence was in the amount of $ 350,000.00.

5.  Attached as EXHIBIT D are true and correct copies of e-mail correspondence between the parties further evidencing the investment made by plaintiff in its branded product. Plaintiff's expenditure for the items listed in said correspondence was in the amount of $ 250,000.00.

6.  Attached as EXHIBIT E is a true and correct copy of e-mail correspondence between the parties evidencing that plaintiff intended protect its trademark and was lead to believe that defendant would sign a Patent and Trade Mark License Agreement as early as January 2007, when plaintiff began investing its resources to establish its product as a valuable brand name.

Subsequently, Defendant refused to sign the Patent and Trade Mark License Agreement.

7. Attached as EXHIBIT F are true and correct copies of e-mail correspondence between the parties and third party inventor further evidencing the investment made by plaintiff in its branded product. Plaintiff's expenditure for the items listed in said correspondence was in the amount of $ 150,000.00.

8. Attached as EXHIBIT G is a true and correct copy of trade magazine placements evidencing plaintiff's promotional success obtaining editorial space in three of the market's major trade magazines.

9. Attached as EXHIBIT H is a true and correct copy of a proposal from a professional public relations and advertising firm estimating a cost of $ 1.1 million dollars to establish a brand name in a new product.

10. Attached as EXHIBIT I are invoices evidencing approximately $ 450,000.00 of purchases from defendant ZHANG of our trademarked product.

11. In summary, the exhibits contained herein evidence a total of $ 755,280.00 of plaintiff's resources invested in designing and establishing its trade-marked product as a valuable brand name. Furthermore, plaintiff's sales as of November 2007 were approximately $ 330K after having increased approximately 30% each month the previous months. Sales have dropped to zero since defendant ZHANG has absconded with plaintiff's trademark and has proceeded to penetrate the market with a substandard product.

12. Based upon the foregoing plaintiff is requesting that this

3

1  Court enter a judgment against defendant ZHANG in the amount of
2  $ 755,280.00.
3
4      I declare under the penalty of perjury under the Laws of the
5  United States of America that the foregoing is true and correct.
6
7  April 10, 2008
                                        *signature*
8                                       JOHN WANG